**FILED**

JAMES J. WALDRON, CLERK

NOV 29 2005

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**CAPITOL SOAP CORPORATION**,<br><br>Debtor. | Case No.:   03-14221 (DHS)<br><br>Adversary No.   05-01217 (DHS)<br><br>Judge: Donald H. Steckroth, U.S.B.J. |
| **STEVEN P. KARTZMAN, CHAPTER 11 TRUSTEE**,<br><br>Plaintiff,<br><br>v.<br><br>**DOW CHEMICAL CORPORATION**,<br><br>Defendant. | |

**<u>OPINION</u>**

**APPEARANCES:**

Mellinger, Sanders & Kartzman, LLC
Adam G. Brief, Esq.
101 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
*Counsel for Plaintiff*

Shackleton & Hazeltine
Kenneth L. Leiby, Esq.
159 Millburn Avenue
Millburn, NJ 07041
*Counsel for Defendant*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court are two independent, yet interrelated motions for summary judgment. On or about December 13, 2001, DOW Chemical Corporation (hereinafter "Defendant") obtained a judgment in the United States District Court for the District of New Jersey against Capital Soap Corporation (hereinafter "Debtor") in the amount of $253,799.99. On September 30, 2002, an Alias Writ of Execution in support of the judgment was issued by the Honorable William H. Walls, U.S.D.J. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A). In October of 2002, the United States Marshal effected a levy on real property of the Debtor under the Alias Writ of Execution. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A).

On February 6, 2003, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. (*Plaintiff-Trustee's Certification*, ¶ 2). On July 8, 2003, this Court entered an Order directing the appointment of a Chapter 11 trustee and on July 10, 2003, Steven P. Kartzman was appointed the trustee (hereinafter "Trustee"). The Trustee filed an adversary complaint seeking to avoid the lien of Defendant's judgment against Debtor's real property. (*Adversary Proceeding Complaint*, Defendant's Exhibit B).

On or about September 24, 2005, Defendant filed a motion for summary judgment in the instant action seeking a declaration (i) that Defendant had perfected its lien against the Debtor's real property, (ii) that Defendant's rights are superior to Plaintiff-Trustee's, and (iii) dismissing Trustee's adversary complaint with prejudice. On or about October 12, 2005, Trustee filed a cross-motion for summary judgment seeking to avoid the lien of Defendant's judgment against the Debtor's property.

3

With reasons to follow, Defendant has (i) a perfected lien against the Debtor's real property, and (ii) a real property lien superior to that of the Trustee's. Therefore, this Court will grant Defendant's motion for summary judgment as a matter of law, and dismiss Trustee's adversary complaint with prejudice.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 (West 2005) and the Standing Order of Reference from the United States District Court for the District Court of New Jersey, dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(C) and (K) (West 2005). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052. Fed. R. Bankr. P. 7052 (West 2005).

**I. Statement of the Facts and Procedural Background**

All material facts, set forth herein, are not in dispute. On December 13, 2001, Defendant obtained a judgment in the United States District Court for the District of New Jersey against the Debtor in the amount of $253,799.99. On September 30, 2002, an Alias Writ of Execution in support of the judgment and describing certain personal and real property owned by the Debtor, as alleged in the district court complaint, was issued by the Honorable William H. Walls, U.S.D.J. and subsequently recorded in book of executions "AL" at page 100. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A). In October of 2002, the Alias Writ of Execution was delivered to the United States Marshal for the District of New Jersey. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A).

In October of 2002, James Capobianco was an officer, director, or managing agent of the Debtor. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A; *Adversary Proceeding Complaint*, ¶ 11, Defendant's Exhibit B). In October of 2002, Charles Venezia was an officer, managing agent, or general partner/member of Capital Soap Products, L.L.C. (*Adversary Proceeding Complaint*, ¶ 5, Defendant's

4

Exhibit B). In October of 2002, Charles Venizia or Capital Soap Products, L.L.C. was the tenant in possession of the Debtor's real property at 316 Colfax Avenue in Clifton, New Jersey (hereinafter "Real Property") (*Adversary Proceeding Complaint*, ¶¶ 14, 17, Defendant's Exhibit B).

In October of 2002, the Alias Writ of Execution was served upon the Debtor and Capital Soap Products, L.L.C. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A). At that time, the United States Marshal effected a levy on the real property of the Debtor under the Alias Writ of Execution. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A).

On February 6, 2003, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. (*Plaintiff-Trustee's Certification*, ¶ 2). On or about February 4, 2005, the Trustee filed an adversary complaint to avoid the lien of Defendant's judgment against the Debtor's real property. (*Adversary Proceeding Complaint*, Defendant's Exhibit B).

On or about September 24, 2005, Defendant filed a motion for summary judgment in the instant action seeking a declaration (i) that Defendant had perfected its lien against the Debtor's real property, (ii) that Defendant's rights are superior to Plaintiff-Trustee's, and (iii) dismissing the adversary complaint with prejudice. As basis for relief, Defendant argues that "[a]s Defendant is a judgment creditor, has caused a writ of execution to issue, has delivered the writ of execution to the Marshal and as the Marshal has served the writ, Defendant's interest in the property at issue has been perfected and is superior to the Trustee's." (*Defendant's Memorandum of Law in Support of Motion for Summary Judgment*, p. 2) (hereinafter "*Defendant's Opening Brief*").

On or about October 12, 2005, the Trustee filed a "cross-motion for summary judgment seeking to avoid lien of Defendant's judgment against the Debtor."[1] (*Trustee's Notice of Cross-Motion*). As bases for relief, Trustee argues that Defendant (i) failed to domesticate and docket the underlying judgment, (ii) failed to exhaust Debtor's personal property prior to executing upon real property, (iii) does not have a perfected lien in the Debtor's real property, and (iii) does not have priority over the Trustee by virtue of Defendant's position as an unperfected judgment creditor. (*Trustee's Brief in Opposition to DOW Chemical Corporation's Motion for Summary Judgment*) (hereinafter "*Trustee's Brief*").

By way of reply, Defendant argues that (i) it is not required to docket its judgment in the Superior Court of New Jersey, and (ii) it did not improperly execute on Debtor's real property prior to exhausting Debtor's personalty. (*Defendant's Reply Memorandum of Law in Support of Motion for Summary Judgment and in Opposition to Cross-Motion for Summary Judgment*) (hereinafter "*Defendant's Reply Brief*").

At oral argument on October 17, 2005, Defendant produced a letter dated September 29, 2002, which instructed the United States Marshal's Office to levy upon a promissory note. (*Certification of Counsel for Defendant in Opposition to Cross-Motion of the Trustee for Summary Judgment*, Exhibit A). Upon production of this document, the Trustee conceded that Defendant did not fail to exhaust Debtor's personal property prior to executing upon real property. Therefore, the Court will not address

---

[1] The Trustee characterizes his relief sought as that of a cross-motion for summary judgment. However, as evidenced in his submission, the Trustee's brief is in actuality an objection to Defendant's motion for summary judgment. Because the Trustee's brief only counters the arguments advanced by Defendant, the Court will treat the Trustee's "cross-motion" as a simple objection to Defendant's motion for summary judgment.

6

this issue on the ground of mootness, and will instead address the remaining issues of perfection of the lien and domestication of the underlying judgment.

It is against this brief factual and procedural background that the Court will turn to its legal discussion.

**II. Discussion**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to the Bankruptcy Court under the Federal Rules of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (West 2005); Fed. R. Bankr. P. 7056(c) (West 2005). At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." Knauss v. Dwek, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. See Am. Marine Rail N.J., L.L.C. v. City of Bayonne, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The moving party must make an initial showing that there is no genuine issue of material fact. See Knauss, 289 F. Supp. 2d at 549 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial." Cardenas v. Massey, 269 F.3d 251, 254-255 (3d Cir. 2001) (quoting Celotex Corp., 477 U.S. at 322).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-248 (emphasis added). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248. Furthermore, a material fact is determined by the substantive law at issue. See Crane v. Yurick, 287 F. Supp. 2d 553, 556 (D.N.J. 2003). A fact is "material" if it might affect the outcome of the suit under the governing law. See Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. See id.

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999). Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. See id. On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

At issue here is whether the Trustee, as a hypothetical judicial lien holder under § 544(a)(1) of the Code, has priority over Defendant, a judicial lien holder. 11 U.S.C. § 544(a)(1) provides that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with

> respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists....

11 U.S.C. § 544(a) (West 2005). Thus, as of the filing date of a bankruptcy petition, 11 U.S.C. § 544(a)(1) confers upon the trustee the rights of a hypothetical judgment lien creditor. Midlantic Nat'l Bank v. Bridge (In re Bridge), 18 F.3d 195, 199 (3d Cir. 1994). The priority of liens under 11 U.S.C. § 544 is to be determined in accordance with the law of the state in which the property is located as of the date the bankruptcy petition is filed. Id. at 200. See also McCannon v. Marston, 679 F.2d 13, 14 (3d Cir. 1982) (noting that § 544 grants the trustee the state law defined rights and powers of certain creditors and transferees of property); Butner v. United States, 440 U.S. 48, 54 (1979) (noting that "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law").

Under the law of New Jersey, a writ of execution binds the property or the goods of the person against whom such writ is issued from the time the writ is delivered to the sheriff or other officer to be executed. See N.J.S.A. 2A:17-10 (West 2005). As stated by the Third Circuit Court of Appeals in In re Ramco American International, Inc.:

> Under New Jersey law, the superiority of interests as between two judgment creditors is determined not by the date of levy, but, once levy is made, by the date the writ of execution is delivered to the levying authority. In other words, although a transfer of interest does not occur until levy is made, once levy is made the effective date of the transfer relates back to the date the writ of execution was delivered to the levying authority. The purpose behind this rule is to protect the diligent creditor from any delay between the date the writ is delivered and the date of levy.

754 F.2d 130, 132 (3d Cir. 1985) (internal citations omitted).

9

In the instant action, it is undisputed that in October of 2002, the Alias Writ of Execution was delivered to the United States Marshal for the District of New Jersey, served on the Debtor and Capital Soap Product, L.L.C., and levied on the Debtor's real property at issue. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A). It is also undisputed that on February 6, 2003, several months after delivery of the writ to the Marshal, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. (*Plaintiff-Trustee's Certification*, ¶ 2).

As a matter of New Jersey state law, because the writ of execution sub judice was delivered to the proper levying authority, and levy was made prior to the filing of the bankruptcy petition, the Defendant maintains a perfected judicial lien on the real property dating back to the time of delivery of the writ to the marshal which is superior in time to the lien status conferred upon the Trustee by § 544(a)(1) of the Code. See N.J.S.A. 2A:17-10 (West 2005); In re Ramco, 754 F.2d at 132.

With respect to the Trustee's argument regarding the failure of the Defendant to domesticate its judgment, in New Jersey, a judicial lien against real property arises upon an entry of judgment in the Superior Court. See N.J.S.A. 2A:16-1 (West 2005). Additionally, judgments of federal courts are liens on property of the judgment Debtor within the state where the federal courts sits. See Trend Mills v. Socher, 4 B.R. 465, 467 (D.N.J. 1980); see also Hurley v. Atlantic City Police Dep't, 944 F. Supp. 371 (D.N.J. 1996).

In turn, 11 U.S.C. § 1962 provides that:

> Every judgment rendered by a district court within a State shall be a lien
> on the property located in such State in the same manner, to the same

10

> extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time....

11 U.S.C. § 1962 (West 2005).

Moreover, as stated by the District Court of New Jersey in <u>Socher</u>:

> The effect of that section [§ 1962] is that judgments rendered by the court in this District, which is co-extensive with the State of New Jersey, are liens on property located in New Jersey in the same manner, to the same extent and under the same conditions as are judgments of the Superior Court of New Jersey, a court of original general jurisdiction throughout the state in all causes.
>
> The rest of § 1962 has no application here because judgments of the Superior Court become liens without the need for any registration, recording, docketing, indexing or any other such step.

<u>Trend Mills</u>, 4 B.R. at 467-68 (internal citation omitted).

Here, on or about December 13, 2001, Defendant obtained a judgment in the United States District Court for the District of New Jersey against the Debtor in the amount of $253,799.99. On September 30, 2002, an Alias Writ of Execution in support of the judgment and describing certain personal and real property owned by the Debtor was issued by the Honorable William H. Walls, U.S.D.J., and recorded in book of executions "AL" at page 100. (*District Court Complaint*, ¶ 8, Defendant's Exhibit A). No subsequent effort was made by the Defendant to docket or record the judgment in the Superior Court of New Jersey. Contrary to the Trustee's assertion, however, domestication of the judgment was not required as the judgment was recorded in the District Court for the District of New Jersey and operated as a lien on property located in New Jersey to the same extent and in the same manner as a judgment entered by a court of general jurisdiction in New Jersey. See 11 U.S.C. § 1962 (West 2005); <u>Trend Mills</u>, 4 B.R. at 467-68. As a matter of New Jersey state law, because the underlying federal court judgment

required no further domestication, Defendant maintains a perfected and superior judicial lien on the real property at issue vis-à-vis the Trustee and cannot be avoided by the Trustee pursuant to § 544(a)(1) of the Code.

**III. Conclusion**

Based upon the foregoing, Defendant is hereby deemed (i) to have perfected its lien against the Debtor's real property, and (ii) to have a perfected real property lien superior to that of the Trustee's hypothetical lien under § 544 of the Bankruptcy Code. Defendant's motion for summary judgment is hereby granted as a matter of law and the Trustee's adversary complaint is dismissed with prejudice.

An Order in conformance with this Opinion has been entered by the Court.

                    s/    Donald H. Steckroth
                    _____
                    DONALD H. STECKROTH
                    UNITED STATES BANKRUPTCY JUDGE

Dated: November 29, 2005